IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| MOTION OFFENSE, LLC,<br><br>        Plaintiff,<br><br>  v.<br><br>DROPBOX, INC.,<br><br>        Defendant. | Case No. 6:23-cv-00303-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>■■■■■■■■■■■■■■■<br><br>**PUBLIC VERSION** |

**DEFENDANT DROPBOX, INC.'S REPLY IN SUPPORT OF**
**MOTION TO STAY PENDING ENTRY OF JUDGMENT**

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ...............................................................................................................1
II. ARGUMENT .......................................................................................................................1
   A. Dropbox requests a stay only until entry of judgment in the -251 action. ...............1
III. CONCLUSION ....................................................................................................................3

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Jones v. Westlake US 2 LLC*,
    No. 2:23-CV-01311, 2024 U.S. Dist. LEXIS 2022 (W.D. La. Jan. 3, 2024) ..................2, 3

*Motion Offense, LLC v. Dropbox, Inc.*,
    C.A. No. 6:20-cv-00251 (W.D. Tex.), Dkt. 427 .................................................................1

*SimpleAir, Inc. v. Google LLC*,
    884 F.3d 1160 (Fed. Cir. 2018)..........................................................................................3

*Sonrai Memory Ltd. v. Western Digital Technologies, Inc.*,
    No. 6:21-CV-01168-ADA, 2022 WL 3108818 (W.D. Tex. Aug. 4, 2022)........................2

*Soverain Software LLC v. Victoria's Secret Direct Brand Management, LLC*,
    778 F.3d 1311 (Fed. Cir. 2015)..........................................................................................3

*Trahan v. BP*,
    No. CIV.A. H-10-3198, 2010 WL 4065602 (S.D. Tex. Oct. 15, 2010) ..............................3

I.   INTRODUCTION

Motion Offense's opposition argues against a straw man.  Contrary to the premise of Motion Offense's motion, Dropbox *is not* seeking a stay through appeal.  Rather, as is clear from Dropbox's motion, it seeks a stay only through ***entry of judgment*** in the -251 action.  *See* Dkt. 41 at 1, 7.  Such a stay would last only a few weeks, not years as Motion Offense contends.

Upon entry of judgment, Dropbox will file its motion for judgment on the pleadings based on estoppel.  At that point, the Court can determine to what extent (if any) the above-captioned case can proceed.  Dropbox's motion to stay until judgment is entered in the -251 action does not ask the Court to rule on that issue, and the Court should not rule on it without full briefing on the merits.

II.   ARGUMENT

A.   **Dropbox requests a stay only until entry of judgment in the -251 action.**

Motion Offense's brief in opposition is entirely off base.  Specifically, Motion Offense argues against a stay because it would last "years."  Dkt. 43 at 9.  That assertion is entirely unfounded.  As Dropbox's opening brief makes clear, Dropbox seeks a stay ***only*** until entry of judgment in the -251 action, which is likely to enter within the next few weeks.  *See* Lantier Decl., Ex. 3 (*Motion Offense, LLC v. Dropbox, Inc.*, C.A. No. 6:20-cv-00251 (W.D. Tex.) (1/3/2024 Hearing Transcript)) at 27:14-23 (holding that the Court "will enter a judgment consistent with the jury verdict"); *Motion Offense, LLC v. Dropbox, Inc.*, C.A. No. 6:20-cv-00251 (W.D. Tex.) at Dkt. 427 (deferring entry of judgment until supplemental briefing is completed in February 2024).

1

The three-factor test advocated for by Motion Offense confirms that Dropbox's requested relief is appropriate.[1]

***First***, a stay through entry of judgment will simplify the issues in the case because once the judgment enters, the scope of that judgment will be clear. *See* Dkt. 43 at 7 (asking that Dropbox's motion "be deferred until" completion of supplemental briefing when "the scope of the judgment … may enter"). Once the scope of that judgment is clear, Dropbox will submit an appropriately tailored motion for judgment on the pleadings that Motion Offense is estopped from pursuing this case.

***Second***, Motion Offense's prejudice argument is predicated on the erroneous idea that there will be "years of delay." *See* Dkt. 43 at 9. But that is incorrect. As is clear from Dropbox's motion, it seeks a stay only through ***entry of judgment*** in the -251 action. *See* Dkt. 41 at 1, 7. Such a stay would last only a few weeks, not years as Motion Offense contends. Motion Offense will not be prejudiced by such a short delay. *See Sonrai Memory Ltd. v. W. Digital Techs., Inc.*, No. 6:21-CV-01168-ADA, 2022 WL 3108818, at *2 (W.D. Tex. Aug. 4, 2022) (noting that a stay of "brief and definite duration" diminishes any risk of prejudice); *Trahan v. BP*, No. CIV.A. H-10-3198, 2010 WL 4065602, at *1 (S.D. Tex. Oct. 15, 2010) (holding "[p]laintiff will not suffer great prejudice" if a brief stay of "no more than a few weeks" is granted).

***Third***, Motion Offense does not even address the third prong of its proposed test: judicial

---

[1] Motion Offense contends that the Fifth Circuit's three-factor test should be applied in considering Dropbox's motion rather than this Court's prior approach in *Sonrai Memory Ltd. v. W. Digital Technologies, Inc*., No. 6:21-CV-01168-ADA, 2022 WL 3108818, at *1 (W.D. Tex. Aug. 4, 2022). *See* Dkt. 43 at 4 (citing *Jones v. Westlake US 2 LLC*, No. 2:23-CV-01311, 2024 U.S. Dist. LEXIS 2022, *6 (W.D. La. Jan. 3, 2024)). The only meaningful difference between the two frameworks is that the Fifth Circuit also considers "hardship and inequity on the moving party without a stay." *Jones*, 2024 U.S. Dist. LEXIS 2022, at *6. As explained in Dropbox's opening brief, denial of a stay would prejudice Dropbox by allowing Motion Offense's unmeritorious and precluded case to move forward, wasting significant party and judicial resources. Dkt. 41 at 1, 6-7.

2

economy.  *See* Dkt. 43 at 4 (quoting three factor test from *Jones*, 2024 U.S. Dist. LEXIS 2022, *6).  As Dropbox's opening brief made clear, a stay would promote judicial economy.  Dkt. 41 at 1, 7.

***Fourth***, because Motion Offense cannot argue a stay pending entry of judgment in the -251 action does not promote judicial economy, Motion Offense instead makes up a factor and argues that Dropbox's motion for a stay is "untimely."  Dkt. 43 at 10.  That is false and nonsensical.  Both claim and issue preclusion require judgment on the merits.  *See SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018); *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1315 (Fed. Cir. 2015).  Dropbox could not have anticipated that Motion Offense would delay entry of judgment in the -251 action for more than ***nine months***.  Having stalled entry of judgment and, in the process, prevented Dropbox from raising preclusion, Motion Offense cannot credibly argue that Dropbox should have somehow pursued its preclusion defenses earlier.  Likewise, Motion Offense's argument that Dropbox failed to notify Motion Offense that it intended to pursue preclusion defenses, Dkt. 43 at 10, is irrelevant, and simply wrong: Dropbox pleaded both issue and claim preclusion in its answer to Motion Offense's amended complaint, which was filed more than five months ago.  Dkt. 29 at 8.

## III.   CONCLUSION

The Court should grant Dropbox's motion to stay pending entry of judgment in the -251 action.

| | |
|---|---|
| January 26, 2024 | Respectfully submitted,<br><br> */s/ Gregory H. Lantier*<br>Kelly Ransom<br>Texas State Bar No. 24109427<br>**KELLY HART & HALLMAN LLP**<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>Tel: (512) 495-6464<br>Kelly.ransom@kellyhart.com<br><br>Gregory H. Lantier<br>Amanda L. Major (*pro hac vice*)<br>Brittany B. Amadi<br>**WILMER CUTLER PICKERING HALE & DORR LLP**<br>2100 Pennsylvania Avenue<br>Washington DC 20037<br>Tel: (202) 663-6327<br>Tel: (202) 663-6304<br>Tel: (202) 663-6022<br>gregory.lantier@wilmerhale.com<br>amanda.major@wilmerhale.com<br>brittany.amadi@wilmerhale.com<br><br>Liv Herriot<br>**WILMER CUTLER PICKERING HALE & DORR LLP**<br>2600 El Camino Real, Suite 400<br>Palo Alto, California 94306<br>Tel: (650) 858-6138<br>liv.herriot@wilmerhale.com<br><br>***Attorneys for Dropbox, Inc.*** |

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that all counsel of record are being served with a copy of this document via email on January 26, 2024.

            */s/ Kelly Ransom*