UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MOTION OFFENSE, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL NO. 6:23-CV-303-ADA |
| | § | |
| **DROPBOX, INC.,** | § | |
| *Defendant.* | § | |

## ORDER GRANTING-IN-PART DROPBOX'S MOTION TO DISMISS

Before the Court is Dropbox, Inc.'s ("Dropbox") Motion to Dismiss Motion Offense LLC's ("Motion Offense") claim of willful infringement of U.S. Patent No. 11,611,520 ("the '520 patent"). After careful consideration of the parties' briefs, the Court **GRANTS-IN-PART** Dropbox's motion.

### I. BACKGROUND

On April 24, 2023, Motion Offense filed a complaint for patent infringement against Dropbox alleging infringement of the '520 patent. ECF No. 1. Dropbox filed a partial motion to dismiss on June 30, 2023. ECF No. 16. In response, Motion Offense filed its First Amended Complaint ("FAC") on July 26, 2023. ECF No. 22. On August 23, 2023, Dropbox filed a partial motion to dismiss Motion Offense's allegations of willfulness in the FAC. ECF No. 28.

This case marks the third time Motion Offense has asserted patents from the same family against Dropbox. In consolidated actions 6:20-cv-00251 and 6:21-cv-00758 ("-251 action"), Motion Offense asserted six family members of the '520 patent, with claims it concedes are "substantially similar" to the claims of the '520 patent. ECF No. 22 ¶ 31. "By the time the '520 patent issued, Dropbox had made its non-infringement and invalidity positions as to all six of the family

member patents asserted in the -251 action clear . . . and had served detailed expert reports detailing the bases for those positions." ECF No. 28 at 1. "Dropbox had also moved for summary judgment of no infringement and that the patents were not entitled to the 2012 priority date Motion Offense alleged." *Id.*

## II. LEGAL STANDARD

When considering motions to dismiss for failure to state a claim, this Court "accepts all well-pleaded facts as true, views them in the light most favorable to the plaintiff, and draws all reasonable inferences in the plaintiff's favor." *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). Furthermore, Rule 12(b)(6) requires that a complaint contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To state a claim for relief for willful patent infringement, a plaintiff must allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Välinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. 2018)). To evaluate pre-suit willful infringement, this Court has looked to see what correspondence there has been between the parties, as well as whether the plaintiff had communicated to the other party that they were infringing upon the specific patent. *See, e.g.*, *Parity Networks*, 2019 WL 2940952, at *3; *Atlas Glob. Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 728 (W.D. Tex. 2022). In contrast, this Court has imposed less stringent requirements for pleading post-suit willful infringement. In order to sufficiently plead post-suit willful infringement,

"[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim." *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778 (W.D. Tex. 2022).

### III. DISCUSSION

**1. Pre-Suit Willful Infringement of the Asserted Patent**

Motion Offense insufficiently pleaded pre-suit willful infringement because it failed to plead facts supporting the third *Parity* factor. Motion Offense argues that Dropbox knew or should have known its conduct amounted to infringement because of the previous -251 action. Specifically, the '520 patent included claims purportedly substantially similar to those asserted at trial of the -251 action. Motion Offense also argues Dropbox should have known that Motion Offense's infringement theories would be substantially similar to those in the -251 action. Dropbox responds to this claim by relying on the -251 action's verdict of non-infringement and invalidity.

The Court agrees with Dropbox. Initially, Motion Offense fails to point to any pre-suit correspondence, *e.g.*, letters or discussions between the parties, which may support its claim under this factor. Motion Offense also fails to point to where in the -251 action the Court or parties mention the infringement of the '520 patent. Additionally, the -251 action does not give Dropbox knowledge as to any '520 patent limitations that differ from or do not appear in the -251 action patents. Motion Offense does not point to any case law finding that previous litigation for the same family of patents satisfies this third *Parity* factor. Accordingly, Dropbox did not have sufficient actual pre-suit notice that it infringed the '520 patent. As for willful blindness, Motion Offense merely offers the bare legal conclusion that "[a]t minimum, Dropbox willfully blinded itself to its

infringement of the '520 patent." ECF No. 22 ¶ 31. Motion Offense does not identify any "deliberate actions to avoid learning of that fact [of infringement]" that Dropbox took. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Accordingly, Motion Offense has failed to state a claim of pre-suit willful infringement.

### 2.  Post-Suit Willful Infringement of the Asserted Patent

Motion Offense sufficiently pleaded post-suit willful infringement because the facts pleaded in the FAC satisfy the three *Parity* factors. As this Court held in *BillJCo*, "[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct. So long as the complaint also adequately alleges that the defendant is continuing its purportedly infringing conduct, it will satisfy all three *Parity* elements and sufficiently plead a post-filing/post-suit willful infringement claim." 583 F. Supp. 3d at 778.

Dropbox responds by claiming that there is a distinction between *BillJCo* and this case: a jury found that Dropbox did not infringe four patents Motion Offense admits are substantially similar to the '520 patent. But Dropbox fails to point to any case law which would make this analysis regarding the jury verdict relevant to a post-suit willful infringement claim. The '520 patent, even if substantially similar to the -251 action patents, is still a separate patent. It is within the realm of possibility that Dropbox infringes the '520 patent but none of its family members. Under these circumstances, the -251 verdict does not negate the third *Parity* factor.

As for Dropbox's previous expert reports and summary judgment motions, parties serve and file such documents in practically every patent litigation action. If that was enough to negate the third *Parity* factor, then willful infringement—both pre- and post-suit—would be essentially impossible to claim where defendants previously successfully litigated related patents. Dropbox's logic also leads to a conclusion it would surely resist: that where a patentee prevails in one case,

its expert reports and motions would guarantee willfulness in a subsequent case involving a related patent against the same defendant. The reports and motions also do not bear on whether Dropbox *should have* known it infringed a patent with different claims and, quite likely, previously unanalyzed limitations. The Court therefore rejects Dropbox's argument that Motion Offense failed to plausibly plead post-suit willful infringement.

## IV. CONCLUSION

For the foregoing reasons, Dropbox's motion to dismiss is **GRANTED** as to pre-suit willful infringement but **DENIED** as to post-suit willful infringement.

**SIGNED** this 26th day of August, 2024.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE