UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **MOTION OFFENSE, LLC,** | § | |
| Plaintiff, | § | |
| v. | § | CIVIL NO. W-23-CV-00303-ADA |
| **DROPBOX, INC.,** | § | |
| Defendant. | § | |

## ORDER DENYING MOTION OFFENSE'S MOTION TO DISMISS COUNTERCLAIM

Before the Court is Plaintiff Motion Offense, LLC's Motion to Dismiss Defendant Dropbox, Inc.'s First Amended Counterclaim Under Fed. R. Civ. P. 12(b)(6). ECF No. 32. Defendant Dropbox, Inc. opposes, ECF No. 34, and Motion Offense replies, ECF No. 35. Having considered the parties' briefs, the relevant facts, and the applicable law, the Court **DENIES** the motion.

Motion Offense asks the Court to use its discretion to dismiss Dropbox's counterclaim for declaratory judgment of invalidity of U.S. Patent No. 11,611,520. Relying heavily on *Super-Sparkly Safety Stuff, LLC v. Skyline USA, Inc.*, No. 3:18-CV-0587-N, 2019 WL 4860959 (N.D. Tex. Oct. 2, 2019), Motion Offense argues that the counterclaim is redundant to Dropbox's affirmative defense of invalidity. Because "resolution of the infringement lawsuit and Dropbox's affirmative defenses will necessarily resolve its counterclaim," Motion Offense argues the counterclaim should be rejected as unnecessary. ECF No. 32 at 1.

Dropbox raises a procedural and substantive defense. Procedurally, Dropbox notes that Motion Offense makes no argument about the invalidity counterclaim failing the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), plausibility pleading standard. Substantively, Dropbox argues that the counterclaim and affirmative defense differ in scope—the affirmative defense

covers only one claim, the sole asserted claim in the Complaint, while the counterclaim covers all claims of the '520 patent. Dropbox also argues that the counterclaim serves "a useful purpose separate and apart from its affirmative defense," because "even if Motion Offense's infringement claim fails, Dropbox may want to move forward with its invalidity declaratory judgment claim." ECF No. 34 at 1. For precedent, Dropbox primarily relies on *Finalrod IP, LLC v. Endurance Lift Solutions, Inc.*, No. 2:20-cv-00189-JRG-RSP, 2020 WL 7222803 (E.D. Tex. Oct. 30, 2020), *report and recommendation adopted*, No. 220CV00189JRGRSP, 2021 WL 796074 (E.D. Tex. Mar. 1, 2021).

In reply, Motion Offense argues that its preliminary infringement contentions expand the allegations so that the affirmative defense and counterclaim share the exact same scope. ECF No. 35.

The Court denies Motion Offense's motion. As an initial matter, Dropbox correctly notes that Motion Offense does not challenge the merits of the invalidity counterclaim. *See generally* ECF No. 32. Motion Offense makes only a discretion-based argument that the counterclaim is redundant to the affirmative defense. The Court will therefore exercise its discretion to allow the invalidity counterclaim to proceed. This is because the Court agrees with Dropbox that the affirmative defense and counterclaim have different scopes. Motion Offense's latest infringement allegations invoke claims 1–12 and 14–24 of the '520 patent. ECF No. 35 at 1. Dropbox's counterclaim covers all claims of the '520 patent. ECF No. 34 at 1; *see also* ECF No. 29 at 13. The counterclaim therefore covers claims that the affirmative defense does not encompass, which means it is not redundant.

Allowing the counterclaim also serves the salutary purpose of simplifying the eventual jury charge. Affirmative defenses and counterclaims are situated differently once non-infringement has

been established. *See Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93–94 (1993) ("An unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment."). As such, this Court has previously used verdict forms where invalidity affirmative defenses require a stop instruction, while invalidity counterclaims are answered unconditionally. The latter situation is much easier for the jury and poses fewer risks of something going wrong. Indeed, the parties know well the perils of an invalidity affirmative defense, for an ignored stop instruction has delayed the entry of judgment in another case between them. *See* Dropbox, Inc.'s Opposed Motion for Entry of Judgment, *Motion Offense, LLC v. Dropbox, Inc.*, No. 6:20-cv-251 (W.D. Tex. Aug. 28, 2023), ECF No. 398.

For the foregoing reasons, the Court respectfully disagrees with Motion Offense and *Super-Sparkly Safety Stuff* that exercising discretion to entertain the invalidity counterclaim does not serve the Declaratory Judgment Act's purpose. Motion Offense's motion is therefore **DENIED.**

**SIGNED** this 26th day of August, 2024.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE